UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETRICK C. CONERLY,

                        Petitioner,        CASE NO. 04-50023

v.

                                    HONORABLE PAUL V. GADOLA

UNITED STATES OF AMERICA,        U.S. DISTRICT JUDGE

                        Respondent.
_____/

## **<u>ORDER DENYING PETITIONER'S MOTION FOR ADJUSTMENT OF TERM OF SUPERVISED RELEASE</u>**

      Now before the Court is Petitioner Detrick Conerly's "Motion for Adjustment of Supervised Release Term" [docket entry #47]. Petitioner previously pleaded guilty to one count of making false statements for the purpose of influencing a bank, the funds of which were insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 1014. On November 23, 2004, Petitioner was sentenced to a twenty-one month term of imprisonment to be followed by a five year term of supervised release. The term of supervised release commenced on November 4, 2005.

      On March 16, 2006, a warrant was issued for the arrest of Petitioner based upon two violations of his terms of the supervised release that occurred on February 22, 2006. Respondent also filed a one-count indictment related to the violations, that indictment filed under Eastern District of Michigan Case No. 06-20140. Petitioner subsequently pleaded guilty to the one count indictment and admitted the violations of the terms of his supervised release.

      Petitioner was sentenced in Case No. 06-20140 to a term of imprisonment of twenty-four

months and a term of four years supervised release. At the same time as the aforementioned sentencing, Petitioner's term of supervised release in Case No. 04-50023 was revoked and he was sentenced to a term of imprisonment of thirty months with no further term of supervised release. The Court further stated that the "term of imprisonment [in Case No. 04-50023] is to be served consecutively to the sentence imposed in [Case No. 06-20140]." Judgment, p. 2, Case No. 04-50023 [docket entry #45].

Petitioner now argues that this Court lacked authority to run his two terms of imprisonment, in Case Nos. 04-50023 and 06-20140, consecutively. More specifically, Petitioner asserts that 18 U.S.C. § 3584, the provision that allows a sentencing court to run multiple terms of imprisonment consecutively, does not apply to the instant case. Petitioner argues that he was not sentenced on multiple terms of imprisonment, but instead was sentenced to one "term of imprisonment" and one term of "supervised release served in prison." Petr's Mot., p. 1. Therefore, he argues, Section 3584 does not apply.

The Court rejects Petitioner's argument. Title 18, section 3584 provides in relevant part, "If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . ." 18 U.S.C. § 3584(a). Nothing in the statute constricts the Court's discretion to impose consecutive sentences to only those situations in which two or more sentence are being imposed initially following a conviction or guilty plea. Indeed, numerous courts have concluded that the discretion to impose concurrent or consecutive terms of imprisonment granted in § 3584(a) applies to sentences imposed upon

revocation of supervised release. *See United States v. Deutsch*, 403 F.3d 915, 918 (7th Cir. 2005)("[W]e see nothing restricting § 3584(a) to sentencing for new convictions, [therefore] we hold that a district court has discretion to impose consecutive prison terms upon revoking concurrent terms of supervised release."); *United States v. Gonzalez*, 250 F.3d 923, 928 (5th Cir. 2001)(same); *United States v. Jackson*, 176 F.3d 1175, 1176-79 (9th Cir. 1999) (per curiam)(same); *United States v. Johnson*, 138 F.3d 115, 118-19 (4th Cir. 1998)(same); *United States v. Quinones*, 136 F.3d 1293, 1294-95 (11th Cir. 1998) (per curiam)("Section 3584(a) does not exclude from its operation the imposition of imprisonment terms following the revocation of terms of supervised release. The court found, moreover, no statutory or Sentencing Guidelines provision that constricted the discretion that § 3584(a) confers upon the district court. . . ."); *United States v. Cotroneo*, 89 F.3d 510, 512-13 (8th Cir. 1996)("The decision to impose a consecutive or concurrent sentence upon revocation of supervised release is committed to the sound discretion of the district court. . . .Because § 3584(a) is not limited, in terms, to the imposition of sentence at the conclusion of trial (as distinguished from the imposition of sentence after revocation of a defendant's supervised release), we conclude that the District Court retains discretion to impose either concurrent or consecutive sentences after revocation of a defendant's supervised release. "); *see also United States v. Rose*, 185 F.3d 1108, 1110-11 (10th Cir.1999) (assuming, without deciding, that a district court may impose consecutive terms of imprisonment upon revocation of supervised release).

Accordingly, because the Court's imposition of consecutive terms of imprisonment

following the guilty plea and the revocation of supervised release was within this Court's discretion;

**IT IS HEREBY ORDERED** that Petitioner's "Motion for Adjustment of Supervised Release Term" [docket entry #47] is **DENIED**.

**SO ORDERED.**

Dated:  February 26, 2008	s/Paul V. Gadola
	HONORABLE PAUL V. GADOLA
	UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  February 26, 2008 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Mark C. Jones , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  Detrick C. Conerly .

	s/Ruth A. Brissaud
	Ruth A. Brissaud, Case Manager
	(810) 341-7845